**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMZIDDIN IBODULLA UGLI SHOYIMOV, | ) ) ) | |
| Petitioner, | ) ) | No. 3:26-cv-00848 |
| v. | ) ) | Chief Judge Cathy Bissoon |
| LEONARD ODDO, *et al.*, | ) ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is Petitioner, Ramziddin Ibodulla Ugli Shoyimov's Petition for

Writ of Habeas Corpus (the "Petition") (Doc. 3).  Petitioner, a citizen of Uzbekistan, currently is

an immigration detainee in the custody of the United States Department of Homeland Security,

Immigration and Customs Enforcement ("ICE").  He entered the United States in 2023, after

making illegal entry.  (Doc. 7).  According to the Government, Petitioner initially was detained

without a warrant, then released into the country, and, after a passage of time, was re-detained on

May 6, 2026.  (Doc. 8 at 5-6).  At the time the petition was filed, he was detained at the Moshannon

Valley Processing Center in Phillipsburg, Pennsylvania.[1]  Although Petitioner does not assert that

he requested a bond hearing, his failure to do so is of no moment to the Court as it would have

been an exercise in futility given the recent decisions of the Board of Immigration Appeals (*i.e.*,

---

[1] The ICE Online Detainee Locator Service, https://locator.ice.gov/odls/#/search, indicates that Petitioner currently is detained at Jackson Parish Correctional Center, 327 Industrial Drive, Jonesboro, LA 71251.  Transfer outside this district, however, does not deprive this Court of jurisdiction over his Petition.  *See* Khalil v. President, United States, 164 F.4th 259, 269–71, 273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the district of the detainee's confinement at the time of filing, regardless of subsequent transfer of the detainee out of the district or amendment of the petition).

Matter of Q. Li, 29 I. & N. Dec. 66 (BIA 2025) and Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. The Court agrees that Section 1226 applies to aliens who are "already present in the United States[,]" Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), while the mandatory detention provision of Section 1225 governs detention of "applicants for admission" to the United States. Bethancourt Soto v. Soto, 807 F. Supp. 3d 397, 408 (D.N.J. 2025). Accordingly, the Court joins the United States Courts of Appeals for the Sixth Circuit in Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), the Eleventh Circuit in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), the Second Circuit in Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026) and the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. See Tejada-Perez v. Oddo, 3:26-cv-00745-CB, Doc. 8 at 4-6 (W.D. Pa. May 28, 2026) (Bissoon, CJ) (citing cases). The Court disagrees with the decisions of the United States Courts of Appeals for the Fifth Circuit in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit in Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). For the reasons set forth herein and in the aforementioned cases, Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to an individualized bond hearing.

AND NOW, this 29th day of May, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. 3) is GRANTED IN PART and DENIED IN PART. The Petition is GRANTED to the extent that it requests a bond hearing in accordance with 8 U.S.C.

§ 1226(a) and all related provisions of law.  The Court hereby ORDERS Respondents to provide

Petitioner with such a hearing, or release him, on or before June 9, 2026.  On or before June 12,

2026, Respondents shall provide notice to this Court confirming that they have provided Petitioner

with a compliant bond hearing and apprising the Court of the bond hearing's outcome.  IT IS

FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.


June 2, 2026                                                          s/Cathy Bissoon
                                                                     Cathy Bissoon
                                                                     Chief United States District Judge


cc (via First-Class U.S. Mail):

      Ramziddin Ibodulla Ugli Shoyimov
      A245 239 480
      Jackson Parish Correctional Center
      327 Industrial Drive
      Jonesboro, LA 71251

cc (via ECF email notification):

      All Counsel of Record