## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMZIDDIN IBODULLA UGLI SHOYIMOV, | ) ) ) | |
| Petitioner, | ) | No. 3:26-cv-00848 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| LEONARD ODDO, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM ORDER

Petitioner filed a *pro se* Emergency Petition for Writ of Habeas Corpus ("Petition") on May 7, 2026. (Doc. 3). On June 2, 2026, this Court ordered Respondents to provide Petitioner with a hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law or, otherwise, release Petitioner, on or before June 9, 2026. (Doc. 9). Shortly thereafter, on June 3, 2026, Respondents' Counsel filed a Motion for Reconsideration (Doc. 11) informing the Court that Petitioner has been granted voluntary departure by the Immigration Judge and the decision is final. Id. The Motion suggests that the voluntary departure order renders the habeas petition and requested relief moot. *See* id. at 3 (citing cases) & Ex. 1.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g.*, Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See* Spencer v. Kemna, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to

1

be redressed by a favorable judicial decision." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (citing Allen v. Wright, 468 U.S. 737, 750-51 (1984), and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See* id. at 147-48; Keitel, 729 F.3d at 280. Given Petitioner's imminent voluntary departure, there is no longer a remedy that the Court can provide. Therefore, the Petition and any related motions are moot.

Accordingly, the following order is entered:

### **ORDER**

AND NOW, this 8th day of June, 2026, IT IS ORDERED that Respondents' Motion for Reconsideration (Doc. 11) is GRANTED, the Judgment entered on June 2, 2026 (Doc. 10) is VACATED and the Petition for Writ of Habeas Corpus (Doc. 3) hereby is DISMISSED as moot.

s/Cathy Bissoon
_____
Cathy Bissoon
Chief United States District Judge

cc (via First-Class U.S. Mail):
Ramziddin Ibodulla GoLive Shoyimov
A245 239 480
Jackson Parish Correctional Center
LEGAL MAIL - Open in Presence of Detainee
327 Industrial Drive
Jonesboro, LA 71251

2

cc (via ECF email notification):
All Counsel of Record